# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

Before
**R.Q. WARD, J.R. MCFARLANE, K.M. MCDONALD**
Appellate Military Judges

### UNITED STATES OF AMERICA

v.

### ERIC J. BUEHLER
### SERGEANT (E-5), U.S. MARINE CORPS

### NMCCA 201300389
### GENERAL COURT-MARTIAL

**Sentence Adjudged**: 11 June 2013.
**Military Judge**: Maj Nicholas Martz, USMC.
**Convening Authority**: Commanding General, Marine Corps Recruit Depot/Eastern Recruiting Region, Parris Island, SC.
**Staff Judge Advocate's Recommendation**: LtCol R.G. Palmer, USMC.
**For Appellant**: CAPT Stephen White, JAGC, USN.
**For Appellee**: CDR Mary Grace McAlevy, JAGC, USN; LT Philip S. Reutlinger, JAGC, USN.

### 20 February 2014

---------------------------------------------------
### OPINION OF THE COURT
---------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A military judge sitting as a general court-martial, convicted the appellant, pursuant to his pleas, of one specification of abusive sexual contact with a child, in violation of Article 120(i), Uniform Code of Military Justice, 10 U.S.C. § 920(i) (2006). The military judge sentenced the appellant to five years' confinement, reduction to pay grade

E-1, and a dishonorable discharge.  The convening authority (CA) approved the sentence as adjudged.  In accordance with a pretrial agreement, the CA suspended all confinement in excess of 24 months, and waived automatic forfeiture of pay and allowances for six months, provided that the appellant provided an allotment during the period of waiver to his dependent child.

The appellant's sole assignment of error[1] is that, "[i]n view of Appellant's prior exemplary military record, a dishonorable discharge for a single specification of consensual contact with a fifteen year-old [sic] is unjustifiably severe." Appellant's Brief of 8 Nov 2013 at 4.  After carefully considering the record of trial and the submissions of the parties, we are convinced that the findings and the sentence are correct in law and fact, and that no error materially prejudicial to the substantial rights of the appellant was committed.  Arts. 59(a) and 66(c), UCMJ.

## Background

The appellant, a 27-year-old Marine Corps recruiter, first met the victim, a fifteen year old high school freshman, while he was representing the Marine Corps at her high school's Career Day event.  A couple of days later, the appellant contacted her via phone to discuss the recruiting process.  At that time, the appellant learned from her father, who was listening in on the conversation, that she was a 15-year-old freshman and knew then that she was too young to be recruited.  However, rather than discontinue communication with her, over the course of the next several days, the appellant and the victim engaged in sexually graphic dialogue via phone calls and text messages.  Although most of these communications were initiated by the victim, the appellant did nothing to dissuade her.  Approximately two weeks after they first met, the appellant met the victim at a local pizza shop near her school and took her back to his residence. The appellant was wearing his Marine Corps uniform and driving a Government vehicle when he picked her up that day.  Once at his residence, the appellant engaged in unprotected sexual intercourse with her multiple times before he drove her back to the pizza shop and dropped her off.  The appellant spoke with her via phone a couple of days later and told her that he would not see her anymore because he could get in trouble.

## Sentence Appropriateness

---

[1] This issue is raised pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982).

The appellant contends that a dishonorable discharge is unjustifiably severe under the circumstances of his case. We disagree.

This court reviews the appropriateness of the sentence *de novo*. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). A military appellate court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence as it finds correct in law and fact and determines, on the basis of the entire record, should be approved." Art. 66(c), UCMJ. Sentence appropriateness involves the judicial function of assuring that justice is done and that the accused gets the punishment he deserves. *United States v. Healy*, 26 M.J. 394, 395 (C.M.A. 1988). This requires "'individualized consideration' of the particular accused 'on the basis of the nature and seriousness of the offense and the character of the offender.'" *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982) (quoting *United States v. Mamaluy*, 27 C.M.R. 176, 180-81 (C.M.A. 1959)).

After review of the entire record, we find that the sentence is appropriate for this appellant and his offenses. The appellant was a 27-year-old Marine Corps recruiter who took advantage of the immaturity and vulnerability of a 15-year-old high school freshman. Although the appellant could have, and should have, avoided any further communications or contact after learning of the victim's age, he did not. Considering the nature and seriousness of this conduct, weighed against the appellant's military service, we conclude that justice was done and the appellant received the punishment he deserved. Granting sentence relief at this point would be to engage in clemency, a prerogative reserved for the CA, and we decline to do so. *Healy*, 26 M.J. at 395-96.

## Conclusion

Accordingly, the findings and the sentence, as approved by the CA, are affirmed.

For the Court

R.H. TROIDL
Clerk of Court

3